IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID E. SMITH, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 08 C 2413 |
| PUBLISHERS CLEARING HOUSE LLC, ) | |
| ) | Judge Dow |
| ) | Mag. Judge Cox |
|    Defendant. ) | |

**MEMORANDUM IN SUPPORT OF PUBLISHERS CLEARING HOUSE LLC'S
MOTION FOR SUMMARY JUDGMENT**

NOW COMES Publishers Clearing House LLC ("PCH") and submits this Memorandum in Support of its Motion for Summary Judgment.

### I.    INTRODUCTION

On or about February 13, 2008, Plaintiff commenced this action against PCH by filing a complaint in the Circuit Court of Cook County, in the State of Illinois, bearing Number 2008L001657 (the "Complaint"). SMF[1] ¶ 1.  In his Complaint, Plaintiff alleges that he won the Publishers Clearing House Sweepstakes in July 1997, November 1997, September 1998, October 1998 and November 1998, but that PCH withheld his prize money. SMF ¶ 2.  Plaintiff also vaguely alleges that PCH committed fraud in connection with letters PCH mailed to Plaintiff on these dates. SMF ¶ 3.  Plaintiff makes a vague and confusing reference to fraud in his Complaint: "letters are falsified with words like should you be the winner) documents may fraud organization propaganda as provided your entry reach our office on time [sic]." SMF ¶ 3.  It

---

[1] All citations herein are to PCH's Statement of Undisputed material Facts ("SMF") filed contemporaneously with this memorandum.

appears that Plaintiff seeks prize money from these sweepstakes and/or other money damages and/or attorney's fees.

PCH's Motion for Summary Judgment should be granted because Plaintiff did not win the Publishers Clearing House Sweepstakes. In addition, Plaintiff's claims arising out of alleged fraud in connection with PCH's mailings to Plaintiff are barred by both the doctrine of res judicata and the applicable statute of limitations. Moreover, Plaintiff has failed to plead facts that establish a claim of fraud under Illinois law.

## II.　　LEGAL ARGUMENT

### A.　　Legal Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2505, 2509 (1986). The moving party must initially demonstrate the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Once the movant meets its initial burden, the nonmoving party "may not rest upon the mere allegations or denials of the [nonmovant's] pleading, but the [nonmovant's] response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Anderson, 477 U.S. at 248, 106 S. Ct. at 2510. Summary judgment is properly entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2509.

### B.　　Applicable Law

As the jurisdiction of this court rests on diversity of citizenship, Illinois law governs the sufficiency of Plaintiff's claims. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996) (under the Erie doctrine, federal courts sitting in diversity actions apply state substantive law and federal procedural law); Allstate Insurance Co., Inc. v. Menards, Inc., 285 F.3d 630, 634 (7th Cir. 2002) ("the ultimate responsibility of the district courts is to apply the law of the state in which the court sits with respect to substantive matters").

    C.    **PCH is Entitled to Summary Judgment.**

        1.    **PCH is entitled to judgment because Plaintiff did not win the Publishers Clearing House Sweepstakes.**

Plaintiff did not win the Publishers Clearing House Sweepstakes. SMF ¶¶ 4-6. Although Plaintiff claims that he miraculously won the Publishers Clearing House Sweepstakes five times – in July 1997, November 1997, September 1998, October 1998 and November 1998 – Plaintiff did not win the Publishers Clearing House Sweepstakes on any of these dates or on any other date. Id.

Christopher Irving, Assistant Vice President, Consumer & Legal Affairs of PCH, conducted and supervised a search of the records of PCH to determine which promotional sweepstakes or "giveaways" were being offered by PCH during the time period covered by Plaintiff's complaint (viz. July 1997 to November 1998) and who were the winners respectively of prizes of $1,000,000 or more in such giveaways. Id. Plaintiff does not appear on those records as the winner in any of these giveaways. Id.

Given these facts, a reasonable jury could not return a verdict in favor of Plaintiff. Thus, PCH is entitled to judgment. See Place v. Abbott Laboratories, Inc., 938 F.Supp. 1373, 1376 (N.D. Ill. 1996)(On motion for summary judgment, dispute about material fact is genuine only if

evidence presented is such that a reasonable jury could return a verdict for nonmovant); Cortright v. Thompson, 812 F.Supp. 772, 775 (N.D. Ill. 1992)(Mere existence of a scintilla of evidence in support of nonmoving party's position is insufficient to create dispute about material fact so as to preclude summary judgment; there must be evidence on which a jury could reasonably find for that party.)

### 2. PCH is entitled to judgment because Plaintiff's claims arising out of alleged fraud in connection with PCH's mailings to Plaintiff are barred by the doctrine of res judicata.

Plaintiff's claims arising out of alleged fraud in connection with PCH's mailings to Plaintiff are barred by the doctrine of res judicata. Summary judgment is appropriate if claim preclusion applies. Prochotsky v. Baker & McKenzie, 966 F.2d 333, 334 (7th Cir. 1992). Plaintiff's claim is barred by Vollmer, et al. v. Publishers Clearing House and Campus Subscriptions, Inc., Civil No. 99-434-GPM (S.D. Ill., Feb. 18, 2000) (the "Final Order," attached as Exhibit D)(the "Vollmer Action").

#### a. The "Vollmer Action"

In Vollmer, et al. v. Publishers Clearing House and Campus Subscriptions, Inc., Civil No. 99-434-GPM (S.D. Ill., Feb. 18, 2000)(the "Vollmer Action"), a federal class action, plaintiffs asserted claims for money damages allegedly resulting from common law and statutory fraud in connection with PCH's direct mail advertisements. SMF ¶ 7. The Vollmer Action was settled and the settlement was approved by the final order of the United Stated District Court for the Southern District of Illinois. SMF ¶ 11.

As a member of the Settlement Class who failed to opt out of PCH's federal class action settlement (the "Vollmer Action"), Plaintiff's action is barred by the final order of the United

4

States District Court for the Southern District of Illinois (the "Vollmer Court") approving the settlement. SMF ¶¶ 7-17. Specifically, the doctrine of res judicata and the Vollmer Court's entry of a permanent anti-suit injunction preclude Plaintiff's claims. SMF ¶¶ 13-14. Indeed, two Courts have already held that actions asserting essentially identical claims are barred by the preclusive effect of the Vollmer Court's Final Order[2/].

Plaintiff's Amended Complaint seeks damages allegedly resulting from mailings he received from PCH in July 1997, November 1997, September 1998, October 1998 and November 1998. SMF ¶ 2. Plaintiff claims (1) that he received mailings informing him that he won the Publishers Clearing House Sweepstakes, and (2) that PCH committed fraud by sending him these mailings. Id. Plaintiffs in the Vollmer Action similarly asserted claims for money damages allegedly resulting from common law and statutory fraud in connection with PCH's direct mail advertisements. SMF ¶ 7. The crux of plaintiffs' allegations in the Vollmer Action was that PCH's mailings purportedly contain misleading representations about winning in order to induce consumers to make purchases. SMF ¶8. In addition, plaintiffs sought monetary damages based upon misrepresentations by PCH which they claimed misled Class Members to believe they had won the sweepstakes' large cash prize. SMF ¶ 9.

As certified, members of the Settlement Class in the Vollmer Action were defined as "all persons in the United States who received a PCH solicitation between February 3, 1992 and June 30, 1999." SMF at ¶ 10. Plaintiff was clearly a member of the Settlement Class. Plaintiff failed to opt out of the Vollmer settlement. SMF ¶¶ 16-17. On the contrary, records show that one

---

2   See Stahl v. Publishers Clearing House, et al., C/A No. 00-CP-26-289, (S.C. Ct. of Common Pleas, Horry County, Sept. 22, 2000) (unpublished Order dismissing, inter alia, breach of contract, unfair trade practices, and statutory and common law fraud claims) (attached as Exhibit F); Honekman v. Publishers Clearing House, No. BC 229959, (Ca. Sup. Ct., Los Angeles County, August 28, 2000) (Transcript affirming Tentative Order dismissing, inter alia, statutory and common law fraud claims) (attached as Exhibit G).

David E. Smith, 6546 S. Stewart Avenue, Chicago, IL 60621, filed a claim in the Vollmer Settlement and was paid $411.72 in settlement of his claim. Id.  Thus, Plaintiff is subject to all the terms and conditions of the settlement.

As approved by the Vollmer Court, the settlement of the Vollmer Action included a Release in which Class Members, including the Plaintiff in this case, agreed to release PCH from all past, then present and future monetary and equitable claims, based on statutory, common law tort and contract claims, which in any way involved PCH's direct mail solicitations, promotional sweepstakes, business practices, advertising campaigns and telemarketing efforts. SMF ¶ 12.  In the case at bar, Plaintiff asserts that he received mailings informing him that he had won a sweepstakes cash prize.  Accordingly, Plaintiff's claim is precisely one of the types of claims settled and agreed to be released in the Vollmer Action.

Finally, the Vollmer Court ordered that its "Final Order" "shall forever be binding on and shall have res judicata and preclusive effect in all pending and future lawsuits maintained by or on behalf of Plaintiffs therein or any other Members of the Settlement Class." SMF ¶ 13. Equally important, the Vollmer Court entered a permanent anti-suit injunction judicially prohibiting all Class Members from pursuing any additional claims. SMF ¶ 14.

### b. Res Judicata

The Vollmer Court's Final Order precludes Plaintiff's claims in this case under the doctrine of res judicata.  The United States Supreme Court has set out the classic formulation of the claim preclusion doctrine known as res judicata:

> . . . the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action.  It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that

purpose.

Cromwell v. County of Sac, 94 U.S. 351, 352 (1876).  Res judicata requires satisfying a three-part test before a judgment in a prior action can bar a claim:  there must be (i) an identity of the parties or their privies, (ii) an identity of the causes of action, and (iii) a final judgment on the merits. People Who Care v. Rockford Bd. of Educ., 68 F.3d 172, 177 (7th Cir. 1995).  Under this test, Plaintiff's claims are precluded by res judicata, and his Amended Complaint should be dismissed.

### i.   The Vollmer Action Involved the Same Parties as in this Case.

As stated above, Plaintiff was a member of a certified class in the Vollmer Action and is, therefore, subject to the stipulated Settlement in the Vollmer Court's Final Order.  Since PCH was also a party to the Vollmer Action, the parties in this litigation are identical, and the first prong of the res judicata test is satisfied.  It is axiomatic that a dismissal with prejudice approving a class action settlement is a final judgment on the merits for res judicata purposes. See generally Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367 (1996); Rasheed-Bey v. Aiken, 1 F.3d 1244, 1993 WL 299358 at *3 (7th Cir. 1993) (unpublished disposition, attached as Exhibit H).

### ii.  The Vollmer Action Involved the Same Claims as Plaintiff Raises Here.

The second prong of the test for application of res judicata, whether the same claims are involved in the previous as well as the subsequent litigation, is also satisfied here.  Plaintiff's Amended Complaint arises out of mailings he received from PCH on or about July 1997, November 1997, September 1998, October 1998 and November 1998, which allegedly led Plaintiff to believe that he had won the Publishers Clearing House Sweepstakes. SMF ¶ 2. As set

forth above, the Vollmer Action clearly alleged claims that PCH misled persons into believing they had won large cash prizes. Equally established, the Release specifically released PCH from all past, present and future breach of contract, tort and statutory violation claims.

### iii. The Vollmer Action Was a Final Judgment on the Merits.

The Vollmer Court's Final Order is, on its face, a final judgment on the merits of the claims raised therein. (Final Order at pp. 56-59). Under the doctrine of res judicata, all class members are bound by a final judgment in a class action, including a judgment following settlement, assuming the action met the necessary procedural due process requirements. Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 874 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."); Hansberry v. Lee, 311 U.S. 32, 42 (1940) (judgment rendered in class action is res judicata as to non-party members of class). See also Matter of VMS Ltd. Partnership Sec. Litig., 26 F.3d 50, 51 (7th Cir. 1994) (class member who failed to opt out of prior class action and accepted benefits of settlement of that action was properly enjoined from pursuing arbitration of same claim that was subject of class settlement).

Since each of the three elements of res judicata are satisfied here, the Vollmer Court's Final Order precludes Plaintiff from bringing new and additional claims in this litigation. See Final Order ¶¶ 3-4, pp. 57-58. Accordingly, Plaintiff's claims should be dismissed with prejudice because they are precluded under the doctrine of res judicata.

### 3. PCH is entitled to judgment because Plaintiff's claims arising out of alleged fraud in connection with PCH's mailings to Plaintiff are time-barred.


Plaintiff's claims arising out of alleged fraud in connection with PCH's mailings are time-barred. The five-year statute of limitations set forth in 735 ILCS 5/13-205[3] applies to fraud actions in Illinois. Leblang Motors v. Subaru of Am., 148 F.3d 680 (7th Cir. 1998); Horbach v. Kaczmarek, 915 F.Supp 18 (N. D. Ill. 1996); Lind-waldock & Co. v. Caan, 691 F. Supp. 57 (N.D. Ill. 1988); Suslick v. Rothschild Sec. Corp., 164 Ill. App. 3d 589, 517 N.E.2d 600 (1st. Dist. 1987), rev'd on other grounds, 128 Ill. 2d. 314, 538 N.E.2d 553. Thus, 735 ILCS 5/13-205 bars Plaintiff's claim.

In his Complaint, Plaintiff vaguely alleges that PCH committed fraud in connection with letters PCH mailed to Plaintiff on July 1997, November 1997, September 1998, October 1998 and November 1998. SMF ¶ 2. Although his Complaint is vague and confusing, Plaintiff is presumably arguing that PCH committed fraud by sending Plaintiff mailings that allegedly led Plaintiff to believe that he had won the Publishers Clearing House Sweepstakes.

Under Illinois law, the statute of limitations is subject to the "discovery rule," such that a cause of action accrues when the plaintiff knows or reasonably should know that the injury was wrongfully caused. See Bachman v. Bear, Stearns & Co., Inc., 57 F. Supp. 2d 556, 559 (N.D. Ill. 1999)(Illinois law)(citing Knox Coll. v. Celotex Corp., 88 Ill. 2d 407, 430 N.E.2d 976 (1982)). Plaintiff filed his Complaint on February 13, 2008. SMF ¶ 1. Thus, under the Illinois statute of limitations, 735 ILCS 5/13-205, Plaintiff would have had to have discovered his injury after February 13, 2003 in order to maintain an action for common law fraud. In other words, Plaintiff

---

[3] 735 ILCS 5/13-205 states:

Five year limitation. Except as provided in Section 2-725 of the "Uniform Commercial Code", approved July 31, 1961, as amended, and Section 11-13 of "The Illinois Public Aid Code", approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

would have to contend that he received mailings in 1997 and 1998 that led him to believe that he won the Publishers Clearing House Sweepstakes five times, and although he had received no prize money from Publishers Clearing House as of February 2003, he still did not realize the he had not, in fact, won the Publishers Clearing House Sweepstakes five times. This position is untenable. Thus, because Plaintiff failed to bring the present suit within five-years of the accrual of the cause of action, Plaintiff's claims arising out of alleged fraud in connection with PCH's mailings to Plaintiff should be dismissed with prejudice.

### 4. PCH is entitled to judgment because Plaintiff has failed to establish a claim of fraud under Illinois law.

Plaintiff makes a vague and confusing reference to fraud in his Complaint: "letters are falsified with words like should you be the winner) documents may fraud organization propaganda as provided your entry reach our office on time [sic]." In Illinois, the elements of fraud are a false statement or concealment of material fact known by the party to be false, intent to induce action in the other party, and justifiable reliance by said party with resulting injury. Athey Prods. Corp. v. Harris Bank Roselle, 89 F.3d 430 (7th Cir. 1996); Miller v. William Chevrolet/Geo, Inc., 326 Ill. App. 3d 642 (1st Dist. 2001). Plaintiff does not allege any of these elements, nor does he provide anything more than a vague reference to fraud. Plaintiff has failed to establish a claim of common law fraud under Illinois law. Accordingly, PCH is entitled to judgment.

## CONCLUSION

Defendant Publishers Clearing House ("PCH") is entitled to judgment on Plaintiff's Complaint for several reasons: (1) Plaintiff never won the Publishers Clearing House Sweepstakes, (2) Plaintiff's claims are barred by the doctrine of res judicata, (3) Plaintiff's fraud

claims are barred by the applicable statute of limitations, 735 ILCS 5/13-205, and (4) Plaintiff has failed to establish a claim of fraud under Illinois law.

WHEREFORE, Defendant Publishers Clearing House ("PCH") respectfully requests that this Honorable Court grant its Motion for Summary Judgment.

Dated: May 5, 2008                                  Respectfully submitted,

                                                    BRYAN CAVE LLP


                                                    By:     /s/ M. Angela Buenaventura
                                                    Steven R. Smith
                                                    M. Angela Buenaventura
                                                    161 North Clark St., Suite 4300
                                                    Chicago, Illinois 60601
                                                    Telephone: (312) 602-5000
                                                    Facsimile: (312) 602-5050

                                                    *Attorneys for Publishers Clearing House LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certify that on the 5th day of May, 2008, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system. The undersigned hereby certifies that on the same date a copy of the foregoing document was sent via prepaid overnight delivery to the following non-CM/ECF participant:

David E. Smith
6546 S. Stewart Ave.
Chicago, IL 60621


　　　　　　　　　　　　　　　　　　　　By: _____/s/ M. Angela Buenaventura_____
　　　　　　　　　　　　　　　　　　　　　　　M. Angela Buenaventura