# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2413 | **DATE** | 7/14/2008 |
| **CASE TITLE** | David E. Smith vs. Publishers Clearing House LLC | | |

**DOCKET ENTRY TEXT**

Before the Court are Plaintiff's application for leave to proceed in forma pauperis [19] and motion for appointment of counsel [18]. Having reviewed the motions, the Court grants Plaintiff's application for leave to proceed in forma pauperis [19] and denies Plaintiff's motion for appointment of counsel [18] without prejudice.

■[ For further details see text below.]　　　Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

Before the Court are Plaintiff's application for leave to proceed in forma pauperis [19] and motion for appointment of counsel [18]. Because Plaintiff paid the filing fee, the Court construes Plaintiff's application for leave to proceed in forma pauperis not as having been filed in support of a request to proceed without full prepayment of fees, but rather as having been filed in support of Plaintiff's motion for appointment of counsel. Having carefully reviewed the financial affidavit, based on Plaintiff's representations that he is unemployed, has limited financial resources from a pension, social security, and his wife's life insurance policy, and provides financial support for two dependents, the Court grants his application for leave to proceed in forma pauperis [19]. However, for the reasons stated below, the Court denies Plaintiff's motion for appointment of counsel [18] without prejudice.

Civil litigants who are unable to obtain an attorney have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner,* 697 F.2d 761, 763 (7th Cir. 1983). Nevertheless, indigent parties in civil actions may apply to the court for appointment of counsel under 28 U.S.C.§ 1915(e)(1), and the court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); see also *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

In deciding whether to appoint counsel, the court must "first determine if the indigent [party] has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself or herself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The court should consider the

**STATEMENT**

capabilities of Plaintiff to litigate his or her own case in deciding whether or not to appoint counsel. *Pruitt v. Mote,* 503 F. 3d 647, 654-55 (7th Cir. 2007) (en banc). It should also be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits.

After considering the pertinent factors, the Court concludes that appointment of counsel is not warranted at this time. To begin with, Plaintiff has not set forth any attempts to retain counsel in this case. He simply states that he was represented by counsel in a prior case before Judge Gettleman. In any event, the Court cannot conclude at this time that assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656. Defendant's motion for summary judgment [6] and memorandum in support [8] raise a number of threshold arguments including (i) res judicata on the basis of a settlement of the identical claim (for which Defendant contends Plaintiff was paid $411.72 and signed a release) and (ii) statute of limitations (based on the lengthy period of time between the alleged acts of Defendant and the filing of this lawsuit). Those threshold issues primarily implicate factual matters as to which Plaintiff himself is in the best position to address, and his lawsuit faces dim prospects if he cannot do so convincingly. Particularly in view of the wide latitude allowed to *pro se* litigants in the presentation of their case, the Court cannot conclude that appointment of counsel would be helpful at this time – at least unless and until Plaintiff can clear the threshold hurdles raised in Defendant's motion for summary judgment.

Therefore, Plaintiff's motion for appointment of counsel [18] is denied without prejudice at this time. The Court may reconsider the appointment of counsel issue at a later stage of the case if it appears that the standards set forth in *Pruitt* and *Gil* are satisfied.

Briefing on Defendant's motion for summary judgment [6] will proceed as follows: Plaintiff's response brief is due on or before August 14, 2008; Defendant's reply brief is due on or before August 28, 2008. Plaintiff is reminded to consult the "Notice to Pro Se Litigants Opposing Summary Judgment" that should have been provided along with Defendant's summary judgment motion and is reproduced in Local Rule 56.2. Plaintiff also is reminded that the resources of the Court's *Pro Se* Help Desk on the 20th Floor of the Dirksen Courthouse are available to provide assistance.