IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID E. SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   No. 08 C 2413 |
| PUBLISHERS CLEARING HOUSE LLC, | ) |
| | )   Judge Dow |
| | )   Mag. Judge Cox |
| | ) |
|     Defendant. | ) |

**PUBLISHERS CLEARING HOUSE LLC'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant Publishers Clearing House LLC ("PCH") and submits this Reply in Support of its Motion for Summary Judgment.

In his Complaint, Plaintiff alleges (1) that he won the Publishers Clearing House Sweepstakes in July 1997, November 1997, September 1998, October 1998 and November 1998, but that PCH withheld his prize money, SMF[1] ¶ 2, and (2) that PCH committed fraud in connection with letters PCH mailed to Plaintiff on these dates. SMF ¶ 3. PCH has presented irrefutable evidence that Plaintiff did not win the Publishers Clearing House Sweepstakes on the dates claimed. Plaintiff has provided no evidence that he won the sweepstakes. In addition, irrefutable evidence demonstrates that Plaintiff's fraud allegations are barred by res judicata, and Plaintiff has provided no evidence to the contrary. Furthermore, Plaintiff's fraud claims are barred by the statute of limitations and Plaintiff does not dispute this fact.

---

[1] All citations herein are to PCH's Statement of Undisputed material Facts ("SMF") filed contemporaneously with PCH's Memorandum in Support of Its Motion for Summary Judgment.

I.  **Legal Standard**

A party is entitled to summary judgment when there exist no genuine factual disputes. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2505, 2509 (1986). A genuine issue of fact is not created simply by claiming that one exists. As a general rule, a factual issue is genuine only when "there is evidence to support the position" asserted by the nonmoving party. Ralston v. Casanova, 129 Ill.App.3d 1050, 473 N.E.2d 444, 450 (1st Dist. 1984); Carruthers v. B. C. Christopher & Co., 57 Ill.2d 376, 313 N.E.2d 457 (1974).

II. **Plaintiff did not win the Publishers Clearing House Sweepstakes.**

Plaintiff did not win the Publishers Clearing House Sweepstakes. In his Complaint, Plaintiff alleges that he won over $1,000,000 on each of the five dates noted in his Complaint. See SMF ¶ 2; Complaint, attached as Exhibit A to SMF. Christopher Irving, Assistant Vice President, Consumer & Legal Affairs of PCH, conducted and supervised a search of the records of PCH to determine which promotional sweepstakes or "giveaways" were being offered by PCH during the time period covered by Plaintiff's complaint (viz. July 1997 to November 1998) and who were the winners respectively of prizes of $1,000,000 or more in such giveaways. SMF ¶¶ 4-6. Plaintiff does not appear on those records as the winner in any of these giveaways. Id.

Plaintiff provides no evidence that he won the Publishers Clearing House Sweepstakes. Plaintiff attached documents, allegedly sent to Plaintiff by PCH, to his Complaint and Response. However, all of these documents merely state that Plaintiff has a chance to win the Publishers Clearing House Sweepstakes.[2] Because PCH has provided

---

[2] The documents state, for example:
- "[P]lease check below which method of prize payment you would prefer **should you win** $3,500,000…"
- "[You] will be declared the winner of $10,000,000.00 **provided …[your] entry is chosen** as the winner."

irrefutable evidence that Plaintiff did not win the Publishers Clearing House Sweepstakes and Plaintiff has provided no evidence to the contrary, PCH is entitled to summary judgment. See Ralston v. Casanova, 129 Ill.App.3d 1050, 473 N.E.2d 444, 450 (1st Dist. 1984); Carruthers v. B. C. Christopher & Co., 57 Ill.2d 376, 313 N.E.2d 457 (1974).

### III.   Plaintiff's claims arising out of alleged fraud in connection with PCH's mailings are barred by the doctrine of res judicata.

In addition, Plaintiffs fraud claim is barred by res judicata.  As noted in PCH's Memorandum in Support of Its Motion for Summary Judgment, Plaintiff was clearly a member of the Settlement Class in the "Vollmer Action."  As approved by the Vollmer Court, the settlement of the Vollmer Action included a Release in which Class Members agreed to release PCH from all past, present and future monetary and equitable claims, based on statutory, common law tort and contract claims, which in any way involved PCH's direct mail solicitations, promotional sweepstakes, business practices, advertising campaigns and telemarketing efforts. SMF ¶ 12.  Plaintiff failed to opt out of the Vollmer settlement. SMF ¶¶ 16-17.  On the contrary, records show that David E. Smith, 6546 S. Stewart Avenue, Chicago, IL 60621, filed a claim in the Vollmer Settlement and was paid $411.72 in settlement of his claim. Id.  Thus, Plaintiff is subject to all the terms and conditions of the settlement.

Irrefutable evidence demonstrates that Plaintiff was a member of the Settlement Class of the Vollmer Action and subject to the settlement and Release.  Plaintiff has provided no evidence to the contrary.  Thus, his claims arising out of alleged fraud in

---

- "[Y]ou have achieved Gold Club Status and are a **potential** PCH Prize Shareholder.
- "I am pleased to announce that, as a **potential** winner…"
- "I am pleased to tell you that you **could be** the winner…"
- "These Vouchers will be exchanged for your first week's prize payments of $1,000.00 a day**, in the event these Vouchers have been imprinted with the winning number**."

connection with PCH's mailings are barred by res judicata and PCH is entitled to summary judgment.

### IV.  Plaintiff's claims arising out of alleged fraud in connection with PCH's mailings are time-barred.

Plaintiff's claims arising out of alleged fraud in connection with PCH's mailings are time-barred. To be timely, under the Illinois statute of limitations, 735 ILCS 5/13-205, Plaintiff's action in fraud would have had to have been filed within 5 years after discovery of the alleged fraud. In other words, in order to maintain the instant action for common law fraud, Plaintiff could have discovered his alleged injury no later than February 13, 2003. Plaintiff does not allege, nor could he contend, that he failed to detect the alleged fraud until so late a date. Plaintiff would have to contend that he received mailings in 1997 and 1998 that led him to believe that he won the Publishers Clearing House Sweepstakes, not once but five times, but did not discover until 2003 (although he had received no prize money from Publishers Clearing House) that he had not, in fact, won the Publishers Clearing House Sweepstakes or been paid any prize money. Such a position would clearly be untenable. Because Plaintiff failed to bring the present suit within five-years of the date any cause of action in fraud based on the mailings would have accrued, Plaintiff's fraud claims should be dismissed with prejudice.

For these reasons, as well as those set forth above and in PCH's previously filed papers, PCH respectfully requests that its Motion for Summary Judgment be granted in its entirety.

Dated: August 27, 2008                    Respectfully submitted,

                                          BRYAN CAVE LLP


                                          By:   /s/ M. Angela Buenaventura
                                          Steven R. Smith
                                          M. Angela Buenaventura
                                          161 North Clark St., Suite 4300
                                          Chicago, Illinois 60601
                                          Telephone: (312) 602-5000
                                          Facsimile:  (312) 602-5050

                                          *Attorneys for Publishers Clearing House LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certify that on the 27th day of August, 2008, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system. The undersigned hereby certifies that on the same date a copy of the foregoing document was sent via prepaid overnight delivery to the following non-CM/ECF participant:

David E. Smith
6546 S. Stewart Ave.
Chicago, IL 60621

By: _____/s/ M. Angela Buenaventura_____
        M. Angela Buenaventura