# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 08-cv-2413 |
| | ) | |
| PUBLISHERS CLEARING HOUSE, LLC, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Publishers Clearing House LLC's motion for summary judgment [6] and Plaintiff David E. Smith's "Notice of Filing Motion of Discovery and Judgment for PRO se Plaintiff David E. Smith/Summary Judgment/Summary of Awards Monies Owed D. Smith by PCH" [23]. For the reasons set forth below, the Court grants Defendant's motion for summary judgment [6] and denies as moot Plaintiff's motion [23].

**I.     Background**

This matter arises out of Plaintiff David E. Smith's belief that he won five Publishers Clearing House sweepstakes contests in 1997 and 1998. On May 5, 2008, Defendant PCH filed a motion for summary judgment, and on July 22, 2008, Plaintiff filed a document entitled "Notice of Filing Motion of Discovery and Judgment for PRO se Plaintiff David E. Smith/Summary Judgment/Summary of Awards Monies Owed D. Smith by PCH," which the Clerk of the Court, in docketing Plaintiff's filing, interpreted as, among other things, a motion for summary judgment. On July 25, 2008, Defendant filed a Notice to Pro Se Litigant Opposing Motion for Summary Judgment, advising Plaintiff of his obligations in responding to

Defendant's motion for summary judgment. Pursuant to that rule, Defendant provided Plaintiff with notice about Plaintiff's need to comply with L.R. 56.1, specifically stating, "[i]f you disagree with any fact offered by the defendant, you need to explain how and why you disagree with the defendant * * * * If you do not do so, the judge will be forced to assume that you do not dispute the facts which you have not responded to." On August 14, 2008, Plaintiff filed his "answer" to Defendant's summary judgment materials, in which he admits and denies certain facts alleged by Defendant, but offers no explanation or citations to supporting documents. Because of Plaintiff's failure to submit admissible responses to Defendant's statement of facts, the Court deems admitted each of Defendant's fact statements, which also are supported by proper citations to admissible evidence. See, *e.g.*, *Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008) (upholding district court's decision to disregard *pro se* litigant's L.R. 56.1 statement); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[T]he Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure.") (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Greer v. Bd. of Educ.*, 267 F.3d 723, 726 (7th Cir. 2001); *Walridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994) (failure to comply with L.R. 56.1 is "not a harmless technicality").

On February 13, 2008, Plaintiff, acting *pro se*, filed a complaint in the Circuit Court of Cook County. In his complaint, Plaintiff listed his address as 6546 South Stewart Avenue in Chicago, Illinois. On April 28, 2008, the action was removed to this Court. In his complaint, Plaintiff alleges that he won more than $1 million through Publishers Clearing House sweepstakes on each of these five dates – July 1997, November 1997, September 1998, October 1998, and November 1998 – but that Publishers Clearing House withheld his prize money. Plaintiff also makes a vague reference to fraud in his complaint – "letters are falsified with words

like should you be the winner [ ] documents may fraud organization propaganda as provided your entry reach our office on time [sic]" – which the Court construes liberally as an allegation of fraud against Publishers Clearing House.

Christopher Irving, Assistant Vice President, Consumer & Legal Affairs of Publishers Clearing House, conducted and supervised a search of Publishers Clearing House's records to determine which promotional sweepstakes or "giveaways" were being offered by Publishers Clearing House during the time period covered by Plaintiff's complaint (July 1997 to November 1998) and who won prizes of $1 million or more in such giveaways. According to Irving's affidavit, and not refuted by Plaintiff, Plaintiff does not appear in the records as the winner in any of those giveaways. Plaintiff has not provided any evidence, beyond his own conviction, that he actually won the Publishers Clearing House sweepstakes. Rather, he attached documents, allegedly sent to Plaintiff by Publishers Clearing House, which state that Plaintiff had a *chance* to win the Sweepstakes.[1]

Irving also conducted a search of Publishers Clearing House's records on a federal class action settlement approved by final order of the United States District Court for the Southern District of Illinois in *Vollmer, et al. v. Publishers Clearing House and Campus Subscriptions, Inc.*, Civil No. 99-434-GPM (S.D. Ill. Feb. 18, 2000) (hereinafter referred to as the "*Vollmer* Settlement"). In *Vollmer*, plaintiffs asserted claims for money damages allegedly resulting from common law and statutory fraud in connection with Publishers Clearing House's direct mail advertisements. Plaintiffs alleged that Publishers Clearing House's mailings contained misleading representations about winning in order to induce consumers to make purchases. *Vollmer*, Civil No. 99-434-GPM, at ¶ 10, pp. 5-6. (S.D. Ill. Feb. 18, 2000). Plaintiffs also sought

---

[1] For example, the documents submitted by Plaintiff contain language such as "please check below which method of prize payment you would prefer *should you win* $3,500,000" and "[you] will be declared the winner of $10,000,000.00 *provided * * * [your] entry is chosen* as the winner." (Emphasis added.)

3

monetary damages based upon misrepresentations by Publishers Clearing House, which they claimed misled class members to believe that they had won the sweepstakes' large cash prize. *Id*.

The district court certified a class defined as "all persons in the United States who received a Publishers Clearing House solicitation between February 3, 1992, and June 30, 1999." *Id*. at ¶ 3, p. 3. All claims of class members who failed to opt out of the class action in a timely manner were settled. The court-approved settlement of the *Vollmer* action included a release in which class members agreed to release Publishers Clearing House from all past, then present and future monetary and equitable claims, based on statutory, common law tort, and contract claims, which in any way involved Publishers Clearing House's direct mail solicitations, promotional sweepstakes, business practices, advertising campaigns, and telemarketing efforts. *Id.* at ¶ 1-4, pp. 56-58 ("This Final Order incorporates herein and makes a part hereof the First Amended Stipulation of Settlement, and the Release included therein * * *"). The final order entered by the *Vollmer* court provided that "[t]he terms of the Stipulation, including the Release set forth in Exhibit C thereto, and this Final Order shall forever be binding on and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by or on behalf of Plaintiffs therein or any other Members of the Settlement Class." *Vollmer*, Civil No. 99-434-GPM, at ¶ 4, pp. 57-58. The *Vollmer* court also entered a permanent anti-suit injunction judicially prohibiting all class members from pursuing additional claims. *Id*. at ¶¶ 5, pp. 58.

Irving's search revealed that Plaintiff did not opt out of the settlement class for the *Vollmer* Settlement. Rather, according to Irving's affidavit, Publishers Clearing House's records showed that David E. Smith, of 6546 S. Stewart Avenue, Chicago, Illinois, 60621, filed a claim in the *Vollmer* Settlement and received $411.72 to settle his claim.

4

## II. Discussion

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In turn, summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. And the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S at 252.

In support of its motion for summary judgment, Defendant contends that Plaintiff's action is barred by the *Vollmer* Settlement. Specifically, Defendant asserts that the *Vollmer*

5

Settlement precludes Plaintiff's claims under the doctrine of *res judicata*, also referred to as claim preclusion. Under the doctrine of *res judicata*, if a plaintiff could have raised claims in a prior suit that was decided on the merits, he cannot raise those claims in a later suit. See, *e.g.*, *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 338 (7th Cir. 1995). In other words, if Plaintiff could have raised a claim in the *Vollmer* lawsuit but did not, he cannot raise it in this lawsuit. To succeed on its claim preclusion defense, Defendant must prove (1) the existence of a final judgment on the merits by a court with proper jurisdiction; (2) identity of causes of action; and (3) identity of the parties bound by the prior judgment. *Id.*; see also *People Who Care v. Rockford Board of Educ.*, 68 F.3d 172, 177 (7th Cir. 1995).

As established by the affidavit of Christopher Irving, and by Plaintiff's own contentions that he "won" contests between July 1997 and November 1998, Plaintiff is a person "in the United States who received a Publishers Clearing House solicitation between February 3, 1992, and June 30, 1999," and thus he falls within the Vollmer class definition. *Vollmer*, Civil No. 99-434-GPM, at ¶ 3, p. 3. In his affidavit, Irving attests not only that Plaintiff did fail to opt out of the *Vollmer* Settlement, but also that Plaintiff actually filed a claim and received $411.72 to settle his claim. Plaintiff has not submitted any evidence to rebut this contention, and there is a perfect match between the address listed on Plaintiff's complaint and the address for the David E. Smith who, according to Defendant's records, filed a claim and received a settlement payment. Thus, Plaintiff is subject to the *Vollmer* Settlement as outlined in the final order issued by the district court. And since PCH also was a party to the *Vollmer* Settlement, the parties in this litigation are identical, satisfying the "identity of parties" prong of the test for claim preclusion.

The second prong of the test – whether the same claims are both suits – also is satisfied. Plaintiff's complaint arises out of mailings he received from Defendant in July 1997, November 1997, September 1998, October 1998, and November 1998, which allegedly led Plaintiff to believe that he had won a lot of money in five Publishers Clearing House contests. As set forth above, the *Vollmer* action clearly pertained to claims that PCH misled consumers into believing that they had won large cash prizes. Accordingly, not only do Plaintiff's claims "arise out of" the wrongful conduct which formed the basis of the *Vollmer* litigation, they fall squarely within the scope of the claims alleged, pursued, and dismissed by way of final judgment in the *Vollmer* Settlement.

Lastly, the final order in the *Vollmer* also was a final judgment, dismissing the action with prejudice. See *Vollmer*, Civil No. 99-434-GPM, at ¶ 9, p. 59. Under the doctrine of *res judicata*, all class members are bound by a final judgment in a class action, including a judgment following settlement, assuming the action met the necessary procedural due process requirements. *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) (finding that "[t]here is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation"); see also *Matter of VMS Ltd. Partnership Sec. Litig.*, 26 F.3d 50, 51 (7th Cir. 1994) (finding that district court properly enjoined class member who failed to opt out of prior class action and who accepted benefits of settlement from pursuing arbitration of same claim that was subject of class settlement). Plaintiff has not argued that the *Vollmer* Settlement did not meet the necessary procedural due process requirements, and the district court in *Vollmer* explicitly found that those requirements were satisfied. See *Vollmer*, Civil No. 99-434-GPM, at ¶ 22-38, p. 9-16. Furthermore, at least two other courts already have held that actions asserting almost identical

claims are barred by the preclusive effect of the *Vollmer* Settlement. See *Stahl v. Publishers Clearing House*, C/A No. 00-CP-26-289 (S.C. Ct. of Common Pleas, Horry County, Sept. 22, 2000) (unpublished order dismissing breach of contract, unfair trade practices, and statutory and common law fraud claims); *Honekman v. Publishers Clearing House*, No. BC 229959 (Ca. Sup. Ct., Los Angeles County, Aug. 28, 2000).

Because each of the three elements of *res judicata* is satisfied in this case, the final order issued by the *Vollmer* court precludes Plaintiff from bringing the claims alleged in this litigation. Indeed, the final order issued by the *Vollmer* court specifically stated that the judgment "shall forever be binding on and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by or on behalf of Plaintiffs therein or any other Members of the Settlement Class." *Vollmer*, Civil No. 99-434-GPM, at ¶ 4, pp. 57-58. Such preclusive effect clearly was the intent of the *Vollmer* court, and Defendant is entitled to summary judgment.[2]

**V.    Conclusion**

For the foregoing reasons, the Court grants Defendant's motion for summary judgment [6]. Plaintiff's motion [23] is denied as moot, and the Court enters judgment in favor of Defendant PCH and against Plaintiff David E. Smith on all claims.

Dated:  March 18, 2009

Robert M. Dow, Jr.
United States District Judge

---

[2] In light of the Court's determination that the *Vollmer* Settlement precludes Plaintiff's claims under the doctrine of *res judicata*, the Court need not address Defendant's remaining arguments in support of its motion for summary judgment.

8